IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LAWRENCE LEE HALL,
        Plaintiff,

v.                                                                 Civil No. 3:22cv220 (DJN)

MS. JORDAN, *et al.*,
        Defendants.

## **MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by each defendant's conduct. Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

The Court has provided Plaintiff with several opportunities to file a particularized complaint.[1] Most recently, by Memorandum Order entered on February 7, 2023, the Court

---

[1] By Memorandum Order entered on October 31, 2022, the Court directed Plaintiff to file a particularized complaint within thirty (30) days of entry thereof. (ECF No. 12.) On November 16, 2022, the Court received a letter from Plaintiff indicating that he had been transferred to a different local jail facility. (ECF No. 14.) By Memorandum Order entered on December 13, 2022, the Court issued a second order, addressed to Plaintiff at the local jail where he indicated that he was incarcerated, directing Plaintiff to file a particularized complaint within thirty (30) days of entry thereof. (ECF No. 15.) The next day, December 14, 2022, the Court received a

directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 18.) The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action. (*Id.* at 3.)

More than thirty (30) days have elapsed since the entry of the February 7, 2023 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the February 7, 2023 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　David J. Novak
　　　　　　　　　　　　　　　　　United States District Judge

Richmond, Virginia
Dated: March 27, 2023

---

change of address notice indicating that Plaintiff had been transferred to the Virginia Department of Corrections ("VDOC"). (ECF No. 16.) That same day, December 14, 2022, the Clerk forwarded a copy of the December 13, 2022 Memorandum Order to Plaintiff at the VDOC. In the February 7, 2023 Memorandum Order, the Court explained that more than thirty (30) days had elapsed since the Court forwarded the December 13, 2022 Memorandum Order to Plaintiff at the VDOC and that Plaintiff had not submitted a particularized complaint or otherwise communicated with the Court. (ECF No. 18.) The Court further explained that while the Court could dismiss this action based on Plaintiff's failure to comply with its directives, *see* Fed. R. Civ. P. 41(b), the Court would afford Plaintiff one more opportunity to submit a particularized complaint.